# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SCOTT, | Case No. 1:22-cv-00774-BAM |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| DA OFFICE STANSILAUS COUNTY, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| Defendant. | (Doc. 8) |
| | **FOURTEEN-DAY DEADLINE** |

Plaintiff George Scott ("Plaintiff"), a county jail inmate proceeding pro se and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on June 24, 2022. (Doc. 1.)

On August 8, 2022, the Court screened Plaintiff's complaint and granted him leave to amend within thirty (30) days of service of the Court's order. (Doc. 8.) Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.*) The deadline for Plaintiff to file his amended complaint has passed and Plaintiff has not complied with the Court's order. The Court therefore will recommend dismissal of this action for failure to state a claim and failure to obey a court

order.

**I.     Failure to State a Claim**

**A.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**B.  Plaintiff's Allegations**

Plaintiff is currently housed at the Stanislaus County Jail. He appears to bring suit against the District Attorney's Office of Stanislaus County and District Attorney Monteneno and claims double jeopardy on a criminal case. (*See generally* Doc. 1.)  Plaintiff alleges: "In 2018 I did time for the D.V [illegible] violation. They are trying to send me to prison for the D.V [illegible] violation in 2022." (Doc. 1 at 3.) Plaintiff identifies injuries to include mental agony,

emotional distress, pain and suffering, and lost wages.  He seeks $250,000 "for the 120 days for pain & suffering, mental agony, lost wages, counseling." (*Id.* at 4.)

### C. Discussion

#### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims.  At a basic level, Plaintiff's complaint fails to state what happened, when it happened, and who was involved.  Plaintiff's conclusory statements are not sufficient.  Plaintiff's complaint also is partially illegible.

#### 2. Section 1983 – Linkage Requirement

The Civil Rights Act under which this action presumptively was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the

3

deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link any defendant to alleged wrongful conduct. In order to state a claim for relief under section 1983, Plaintiff must link each defendant with some affirmative act or omission demonstrating a violation of Plaintiff's federal rights.

### 3. Prosecutorial Immunity

To the extent Plaintiff is attempting to bring suit against District Attorney Monteneno, this defendant may be immune from suit. "A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate for the State' and his actions are 'intimately associated with the judicial phase of the criminal process.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir.2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). Therefore, Defendant Monteneno would be entitled to prosecutorial immunity for actions associated with Plaintiff's criminal prosecution.

Further, Plaintiff brings suit against the District Attorney's Office itself, but he does not make any allegations specifically against the Office. To the extent Plaintiff intends to hold the Office responsible for the district attorney's conduct as a prosecutor, he cannot do so. "There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### 4. *Younger* Abstention

Although not entirely clear, Plaintiff may be attempting to challenge ongoing criminal proceedings in Stanislaus County. However, any such claim is barred under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine "prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court." *Jones v. Buckman*, No. 2:18-cv-0054-EFB P, 2019 WL 1227921, at *2 (E.D. Cal. Mar. 15, 2019). "Further, the *Younger* abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution." *Id.*, citing *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

5. *Heck* Bar

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

Plaintiff's damages allegations expressly implicate the validity of his confinement. Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 487.

6. <u>Habeas Corpus</u>

To the extent that Plaintiff is attempting to challenge the validity of his conviction, the duration of conviction, or his incarceration, the exclusive method for asserting that challenge is by filing a petition for writ of habeas corpus. As stated above, state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas corpus relief. *Wilkinson*, 544 U.S. at 78 ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

Plaintiff also claims a violation of the Double Jeopardy Clause. The Double Jeopardy Clause precludes "a second prosecution for the same offense," and prevents "the State from

5

'punishing twice, or attempting a second time to punish criminally, for the same offense.'" *Kansas v. Hendricks*, 521 U.S. 346, 369, (1997), quoting *Witte v. United States*, 515 U.S. 389, 396 (1995). To the extent Plaintiff is attempting to plead a double jeopardy claim, his federal legal remedy lies in a writ of habeas corpus. *Sekona v. Trujillo*, No. 1:19-cv-0399-AWI-BAM (PC), 2019 WL 7290493, at *6 (E.D. Cal. Dec. 30, 2019), report and recommendation adopted, No. 1:19-cv-00399-AWI-BAM (PC), 2020 WL 7186099 (E.D. Cal. Dec. 7, 2020).

## II. Failure to Obey Court Order and Failure to Prosecute

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiff's amended complaint is overdue. The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively

manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's August 8, 2022 screening order expressly warned Plaintiff that his failure to comply would result in a recommendation for dismissal of this action. (Doc. 8 at 6-7.) Plaintiff had adequate warning that dismissal could result from his noncompliance. Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff's *in forma pauperis* status in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III.     Conclusion and Recommendation

For the reasons discussed, Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8, fails to state a cognizable claim upon which relief may be granted, and should be dismissed for failure to obey a court order and failure to state a claim.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may

7

be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 20, 2022**          /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE